YARRUT, Judge.
Plaintiff sues Defendants in solido for personal injuries, pain and suffering, loss of wages and medical expenses, arising out of an automobile accident on St. Claude Avenue, New Orleans, on July 24, 1959, about 4:30 P.M. The weather was overcast, with a light rainfall. No property damage is claimed.
Defendants are the driver of the offending car and its liability insurer.
The district court rendered judgment solidarity against both Defendants for $10,-130.00, with legal interest from judicial demand and for all costs of court, and $100.00 fee each to Drs. Soboloff and Wickstrom; and the district judge gave oral reasons at the conclusion of the trial, viz:
"This Court is of the opinion that the physical facts in this.case definitely show that the Brady automobile was being driven and operated at the time it collided with the back end of the Landrum automobile for the reason that had this car been hit lightly by another car it would not have done the damage that was done in this case.
“Further, Mr. Brady testified that he had stopped, that he had his foot on the brakes, that he was six or seven feet back of the Landrum car, and yet the physical facts show that if his car was hit in the back at all it was hit very lightly. Not only that, he testified and told the policeman, if you gentlemen admit that into the record, I think it is inadmissible, but he admitted that he had been hit lightly in the rear. Now, had he been hit lightly in the rear of his car, he would not have, in this Court’s opinion, been thrown forward into the steering wheel as he claims he was thrown in this case.
“Now, the only question in this case is a question of liability and one of quantum. In this Court’s mind this man was undoubtedly seriously injured. According to the best testimony that we have, he was practically incapacitated for a year, six months in 1959, and six months in 1960, during which time he lost in wages approximately $3,750. The evidence further shows that this man was not malingering at all. It shows that he was trying to go back to work, he wanted to go back to work and as quickly as he could get there. Consequently, I think that he was damaged, certainty in the amount of $3,750. For his pain and suffering over a period *55 of a year and possibly to this date, the Court is going to allow him $6,000, making a total allowance in this matter of $9,750 for loss of wages and pain and suffering up to this date, together with the cost of experts and medical expenses were proved and stipulated.”
Defendants have appealed, and Plaintiff answered asking for an increase in the award for pain and suffering from $6,000.-00 to $10,000.00, and for an expert fee of $100.00 for Dr. Lienhard.
Reference to “Defendant” below will be to the driver of the offending car only.
These facts are undisputed: Plaintiff’s car had stopped in a traffic lane on St. Claude, because of congested traffic, when he was struck from the rear by Defendant’s car. Plaintiff suffered a cervical •strain, commonly called whiplash injury.
Defendant resists liability, claiming that he, in turn, while completely stopped about six feet behind Plaintiff, with his foot on the brake, was struck from the rear by another car and pushed into Plaintiff’s car.
In support of Defendant’s claim that he was struck from the rear by a third car, Defendant testified that the driver of that car after the accident, stated to him that he was going to pull over to the side of the road. Instead, he drove away, without Defendant being able to get the license number. Plaintiff admitted seeing a third car drive around his and Defendant’s, but denied that car was damaged in any way.
Three estimates were made for repairs to Defendant’s car. Two of the estimators testified at the trial. One testified that Defendant’s rear bumper was damaged and had to be straightened at a cost of $14.00. The other denied there was any damage to the rear. Plaintiff himself examined Defendant’s car, and found no evidence of damage to its rear.
Defendants failed in their burden of proof that a third car, and not Defendant-driver, set in motion the chain of events that caused Plaintiff’s injury, as evidenced by Defendants’ failure to identify the “phantom” or third car, and the insignificant or lack of damage to Defendant-driver’s car. In addition, the distance of six feet between the two cars on the highway, with Defendant-driver’s foot constantly on his brake, as he testified, led to the conclusion expressed by the district court, “ * * * if his car was hit in the back at all it was hit very lightly.”
On quantum, Defendants contend the allowance to Plaintiff is excessive, in that: No allowance should be made for wages after March 17, 1960, when Plaintiff aggravated his injury when backing his automobile from his garage; and $6,000.00 for pain and suffering is excessive.
Regarding disputed loss of wages, the question is whether the injury which occurred on March 17, 1960 was a recurrence of the first or a new one, since it occurred after Plaintiff had apparently recovered from the first. Plaintiff claims he turned his head to look to the rear while he was backing out, and felt a sudden snap in his neck.
Dr. Hyman Soboloff, for Plaintiff, testified this could happen to anyone, and could very easily have happened because of the pre-existing injury. Dr. Jack Wickstrom, also for Plaintiff, was of the opinion that the last injury was a recurrence of the old injury and both causally related. There was testimony that Plaintiff suffered from a pre-existing degenerative arthritic condition. Dr. Wickstrom did not think the arthritic condition was a contributing factor to the second.
Defendants only medical evidence was a letter from Dr. Irvin Cahen, based on an examination after Plaintiff had recovered. Dr. Cahen wrote that Plaintiff had recovered, but did not comment on the arthritic condition, or the possible relationship between the two injuries.
Regarding the $6,000.00 for pain and suffering, the doctors refer to Plaintiff’s *56 anxiety to get back to work, and to his having considerable pain and discomfort.Plaintiff was under treatment for almost a year, and had almost constant headaches.
This award seems consistent with the case of Bartholomaus v. H. G. Hill Stores, La.App., 97 So.2d 82.
Plaintiff answered the appeal, further asked that an expert’s fee of $100.00 be awarded to Dr. Lienhard, who testified by deposition as an expert in industrial medicine, which fee the trial court did not allow.
For the reasons assigned, the judgment is amended to allow $100.00 expert fee for Dr. Lienhard and, as amended, is affirmed; Defendants to pay costs in both courts.
Amended and affirmed.